

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 2, 1960

Honorable Joe Resweber
County Attorney
Harris County
Houston, Texas

Opinion No. WW-970

Re: Is the royalty interest
of a church exempt from
ad valorem taxation where
such interest is in a
pooling unit of which
the church site is a
part?

Dear Mr. Resweber:

Your letter requesting our opinion upon the referenced
question sets out the following facts:

"(The First Methodist Church of Tomball)
owns six small lots located in the Tomball Oil
Addition, composing an area of 250 feet by 140
feet; that the Church and Sunday School
buildings occupy most of the surface; that many
years ago the Humble Oil and Refining Company
pooled some sixty to seventy of these oil
lots, including those owned by the Church.
The Company brought in a well on the pooled
unit, but not on the Church property. The
Church receives approximately eighteen ($18,00)
Dollars royalty per annum as its pro-rata
share."

Your question is phrased as follows:

"Are royalty payments from an oil and gas
lease on lots owned by the First Methodist
Church of Tomball, Texas, which are used solely
for Church and Sunday School purposes, exempt
from ad valorem taxes?"

We are uncertain whether you wish to determine the
taxable status of the actual royalty interest of the Church,
or of the actual payments received by it. We therefore answer
your question as follows:

    (a) The royalty interest of the Church in the
minerals in place is exempt from ad valorem
taxation.

(b)  The royalty payments themselves are subject
to ad valorem taxation if the money so
received was owned by the Church on
January 1 of the taxable year.

Under the authority granted to the Legislature by
Article 8, Sec. 2 of the Constitution of Texas, certain
classes of property were provided exemptions from taxation
by Article 7150, R.C.S.  Section 1 of this Article exempts
certain shcool and church property and reads in part as
follows:

"The following property shall be exempt from
taxation, to-wit:

"1. . .actual places of religious worship,
also any property owned by a church or by a
strictly religious society, the books and
furniture therein and the grounds attached to
such buildings necessary for the proper occu-
pancy, use and enjoyment of the same, and which
yields no revenue whatever to such church or
religious society;. . ." (Emphasis added)

Attorney General's Opinion No. V-1568 (1952) held
that a retained royalty interest in land comprising the campus
of Jarvis Christian College was exempt from ad valorem taxation
under that portion of Article 7150, Sec. 1, which deals with
exemptions to educational institutions and which reads in part
as follows:

". . .All public colleges, public academies,
and all endowment funds of institutions of learning
and religion not used with a view to profit, and
when the same are invested in bonds or mortgages,
and all such buildings used exclusively and owned
by persons or associations of persons for school
purposes; . . ."

Opinion No. V-1568 correctly concludes that (a) the
surface of the producing property there in question was owned
by persons or an association of persons (b) "exclusively for
school purposes" and (c) "not used with a view to profit."
(This final qualification has been determined to require that
the property not be used with a view to private gain or profit.
Harris v. City of Fort Worth, 142 Tex. 600, 180 S.W.2d 131
(1944) ).  The theory of the opinion was that the lease under
which production was obtained was actually a conveyance of a
determinable fee in seven-eighths of the minerals in place, but
did not constitute a severance of the remaining one-eighth

from the surface of the estate.  Since the lessor continued his ownership in both the surface and one-eighth of the minerals, the quoted exemption extended to the retained one-eighth royalty interest.

Although that opinion dealt with the exemption provided educational institutions under Article 7150, last quoted above, which is separate and distinct from that provided for churches, the rule is equally applicable to the present situation.  The royalty interest itself, being an interest in the minerals in place, is a part of the realty and hence not taxable.  A sale of a part of these minerals would simply be a sale of a portion of the church's realty and hence would not constitute "revenue" from the property within the meaning of Article 7150.  Such payments would be taxable just as any other personal propety, if possessed by the church on January 1st of the taxable year.

## S U M M A R Y

The royalty interest retained by a Church in a pooling unit of which the church site is a part is exempt from ad valorem taxation.  Actual payments received by the Church as consideration for minerals produced from this interest are taxable, if the money so received was owned by the Church on January 1 of the taxable year.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: James R. Irion
James R. Irion
Assistant

JRI:jp

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

W. Ray Scruggs
Harris Toler
Linward Shivers
B. H. Timmins, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore